# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **COURTNEY BOWEN,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **5:99-MC-3 (HL)** |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Defendant.** : | |

## ORDER

Before the Court is Plaintiff's Motion to Reconsider Prior Decision Based On Recent 9th Circuit Ruling in US v. Horner (Doc. 4), Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 5), and Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 6) are before the Court. For the reasons explained herein, Plaintiff's motions are denied.

## I. PLAINTIFF'S MOTION TO RECONSIDER

Although Plaintiff does not specifically identify a legal basis for his motion, based on the title of the motion and the allegations contained therein, the Court determines that Plaintiff is most likely attempting to utilize Federal Rule of Civil Procedure 60 to obtain relief. Accordingly, the Court will address Plaintiff's Motion under the rubric set forth in Federal Rule of Civil Procedure 60(b).

Pursuant to Federal Rule of Civil Procedure 60(b) a court may only relieve a party from a judgment or order for one of six reasons. These reasons are set forth in six separate

provisions of the rule and are as follows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Proc. 60(b). Here, Plaintiff argues the Court unlawfully denied Plaintiff's Motion for the Return of Property (Doc.1) based on the United States Court of Appeals for the Ninth Circuit's opinion in United States v. Ritchie, 342 F.3d 903, 905 (9th Cir. 2003). While Plaintiff failed to cite any specific provision, it appears the arguments asserted by Plaintiff could conceivably fall under any of the provisions except 60(b)(4) and 60(b)(5). Therefore, the Court will analyze Plaintiff's argument under all remaining provisions.

A. Plaintiff's claims under 60(b)(1), 60(b)(2), and 60(b)(3)

Claims made under provisions one, two, and three of Rule 60(b) must be filed within one year of the judgment, order, or proceeding that is the subject of the claim. Fed. R. Civ. Proc. 60(b). Plaintiff's Motion seeks relief from this Court's April 7, 1999 Order denying his Motion for the Return of Property. Accordingly, any claim for relief asserted under the first, second, or third provisions of Rule 60(b) was due by April 7, 2000. Plaintiff did not file the current motion until January 25, 2007, more than six years after the deadline set forth in Rule 60(b). Therefore, Plaintiff's Motion, insomuch as it seeks relief under the first, second, or third provisions of Rule 60(b), is untimely.

B. Plaintiff's claim under Rule 60(b)(6)

Relief under Rule 60(b)(6) is granted for "any other reason justifying relief from the operation of the judgment;" however, "[r]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." <u>Crapp v. City of Miami Beach</u>, 242 F.3d 1017, 1020 (11th Cir. 2001). In addition, any claim under Rule 60(b)(6) must be filed within a reasonable time. Fed. R. Civ. Proc. 60(b). Although Plaintiff devoted considerable effort to explaining why the Ninth Circuit case cited above requires the Court to vacate its prior Order, Plaintiff does not even attempt to make a showing of exceptional circumstances. In addition, Plaintiff fails to explain why his Motion was filed almost four years after the Ninth Circuit case was decided and more than seven years after this Court's Order, denying Plaintiff's Motion for the Return of Property, was filed. Accordingly, the Court cannot find Plaintiff has shown exceptional circumstances or filed a timely claim under Rule 60(b)(6). Therefore, Plaintiff's Motion, insomuch as it seeks relief under Rule 60(b)(6), is denied.

## II. PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS

Plaintiff has also filed two Motions for Leave to Proceed In Forma Pauperis (Docs. 5, 6) in conjunction with his Motion for Reconsideration. In filing his Motion for Reconsideration Plaintiff has not instituted a new legal action, but has instead filed a motion in an existing case. As a result, it is not necessary for Plaintiff to move for leave to proceed in forma pauperis or pay any additional filing fee. Accordingly, Plaintiff's Motions to Proceed In Forma Pauperis (Docs. 5, 6) are denied.

## III. CONCLUSION

For the reasons explained herein, Plaintiff's Motion to Reconsider Prior Decision Based On Recent 9th Circuit Ruling in US v. Horner (Doc. 4), Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 5), and Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 6) are denied.

**SO ORDERED**, this the 5th day of April, 2007.

**/s/ Hugh Lawson**

**HUGH LAWSON, Judge**

scs